OPINION. TTtt.t,. Judge: Section 722 (c)[2] provides that when a taxpayer is not entitled to use the excess profits credit based on income pursuant to section 713 its tax shall be considered excessive and discriminatory if it can prove that its excess profits credit based on invested capital is an inadequate standard for determining excess profits because of the existence of any one of the three conditions set forth in subsections (1), (2) or (3), quoted in the margin. If the taxpayer proves the presence of a qualifying situation under any of those subsections, then it is considered to be entitled to use the excess profits credit based on income, using the constructive average base period net income determined under section 722 (a).[3] However, under the provisions of section 722 it is not sufficient merely to establish that petitioner meets the requirements under section 722 (c) (1), (2) or (3); it must also show within the framework of section 722 (a) a fair and just amount representing normal earnings to be used as a constructive average base period net income. See Danco Co., 14 T. C. 276, 283; Part VII (A) of the Bulletin on section 722, 1949-1 C. B. 134. The petitioner contends, first, that the secret processes used in the Texas City smelter which were obtained from the smelter at Arnhem via Switzerland during the war qualifies it under section 722 (c) (1) because they were intangible assets not includible in equity invested capital which made important contributions to income. It further contends that it meets the requirements of section 722 (c) (3) because its invested capital was abnormally low. It then argues that it also comes within the provisions of section 722 (a) because (1) it could have operated successfully during the base period years and (2) its reconstruction of income during the years 1936 through 1939, as set forth in our findings, is proper under the applicable statute. The respondent, on the other hand, maintains that petitioner does not qualify for relief under section 722 (c) since it has not proved that it comes within the provisions of section 722 (c) (1), (2) or (3). He insists, moreover, that petitioner is not eligible for relief under section 722 because it is assuming a theoretical business in the base period which contemplates a smelter operating on a toll basis rather than on a management basis. The respondent further argues as an additional reason for denying relief that petitioner’s incorporation after December 31,1939, was attributable solely to the outbreak of war in Europe and the rearmament of the United States, citing Fezandie & Sperrie, Inc., 15 T. C. 1185. The respondent’s final point is that petitioner has not established that it could have successfully operated a tin smelter in the base period years and that, in any event, its reconstruction contains numerous errors of fact and theory. We need not consider the question of whether petitioner qualifies under section 722 (c) (1), (2) or (3), for even assuming that it does, we still do not believe that it has demonstrated that it is entitled to relief within the framework of section 722 (a). We believe that petitioner’s reconstruction of income for the base period years is placed upon a basis not contemplated by section 722 (a), for it assumes a business different from the one petitioner was engaged in during the taxable years. In the taxable years petitioner was a management corporation receiving a fixed fee each year for its services, the two subsidiary corporations of R. F. C. paying for the construction of the plant and equipment and all costs of producing the refined tin. Petitioner’s reconstruction is based upon a corporation which built a smelting plant at its own expense and paid for all cost of producing the tin and received as income a certain amount for each ton of tin produced. Section 722 (a) provides that relief shall be based upon establishing “* * * what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income * * We believe, as stated in the Bulletin on Section 722, PartY (f),page 124,G.P.O.,November 1944,that“* * * implicit in this comparison is the idea that the normal operating conditions, upon which relief is based, and the operating conditions during the excess profits tax period must be comparable * * It is obvious that the assumed business operation upon which petitioner constructed its average earnings for the base period years is wholly different from the actual business operation of petitioner during the taxable years. We think in another part of section 722 (a) that Congress also' implicitly provided that the business upon which the constructive income is based for the years 19S6 through 1939 must be of the same type and character as that in existence during the taxable years. Section 722 (a) provides that in determining constructive average base period net income “* * * no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, except * * * regard shall be had to * * * the nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income.” And having determined the nature of the taxpayer and the character of its business, we think the law requires that the constructive income for the base period years must be on the basis of an operation of the same type. Hence, in the case at bar, petitioner should have premised its reconstruction on the assumption of a management business rather than upon an operation of a plant for its own account. This requirement has not been met by petitioner in this proceeding. We therefore hold that petitioner is not entitled to relief under section 722. A number of other contentions as to why petitioner should not prevail in this proceeding have been advanced by respondent. Each of them presents either a controversial question of fact or of law. We deem it unnecessary to resolve them in view of our conclusion and holding above stated. Reviewed by Special Division. Decisions will be entered for respondent. SEC. 722. GENERAL RELIEF — CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. ******* (c) Invested Capital Corporations., Etc. — The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer, not entitled to use the excess profits credit based on income pursuant to section 713, if the excess profits credit based on invested capital is an inadequate standard for determining excess profits, because— (1) the business of the taxpayer is of a class in which intangible assets not includi-ble in invested capital under section 718 make important contributions to income. (2) the business of the taxpayer is of a class in which capital is not an important income-producing factor, or (3) the invested capital of the taxpayer is abnormally low. In such case for the purposes of this subchapter, such taxpayer shall be considered to be entitled to use the excess profits credit based on income, using the constructive average base period net income determined under subsection (a). For the purposes of section 713 (g) and section 743, the beginning of the taxpayer’s first taxable year under this subchapter shall be considered to be that date after which capital additions and capital reductions were not taken into account for the purposes of this subsection. (a) General Rule. — In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and 3*ust amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. In determining' such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, except that in the cases described in the last sentence of section 722 (b) (4) and in section 722 (c), regard shall be had to the change in the character of the business under section 722 (b) (4) or the nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income.